PAUL A. BONIN, Judge.
| ¶ Clifton Lee Coston appeals the trial court’s dismissal with prejudice of his claims against the defendants Mary Seo, Daughters of Charity Services of New Orleans Foundation, and Travelers Property Casualty Insurance Company on the basis *85 of the liberative prescription of one year. See La. Civil Code art. 3492.
Mr. Coston argues that the trial court’s judgment should be reversed because Traveler’s unconditional payment of his property damage claim prior to the filing of his petition acted as a tacit acknowledgment that served to interrupt prescription on his claims. See La. Civil Code. arts. 3462-3466. Citing to La. R.S. 22:1290, which stands for the proposition that a settlement of a third-party property damage claim by an insurer is not an acknowledgment sufficient to interrupt the running of prescription, the defendants seek our affirmation of the trial court’s actions by arguing that Traveler’s payment of Mr. Coston’s property damage claim constitutes a settlement between the parties. See La. Civil Code arts. 3071-3072; and Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254.
Because the defendants failed to introduce any evidence at the hearing on the exception to defeat the well-pleaded allegations of the petition, as amended and supplemented, we find that the defendants failed to carry their burden of proof at |2the show-cause hearing on their exception of prescription, and, accordingly, we reverse the judgment dismissing the plaintiffs claims with prejudice and remand this matter to the trial court. We explain our decision in greater detail in the following parts.
I
In this Part we discuss briefly the facts and procedural history underlying this matter. Mr. Coston alleges that he suffered damages in a vehicular collision that occurred on December 11, 2008, in Orleans Parish. The vehicle that struck Mr. Co-ston’s was operated by Mary Seo, owned by her alleged employer Daughters of Charity Services of New Orleans Foundation, and insured by Travelers. Mr. Co-ston filed suit on December 15, 2009, against Sister Seo, the Daughters, and Travelers.[1] In his suit, Mr. Coston sought compensation for physical pain and suffering, mental pain and suffering, medical expenses, lost wages, and property damages for the loss of his vehicle.
The defendants filed an exception of prescription on February 2, 2010, wherein they argued that Mr. Coston’s petition should be dismissed pursuant to La. Civil Code art. 3492 because his claims are prescribed on the face of his petition. Citing to La. Civil Code art. 3466, Mr. Coston responded by arguing that prescription on all of his claims was interrupted when Travelers paid his property [.^damage claim on January 7, 2009. Relying on Lima v. Schmidt, 595 So.2d 624 (La.1992), Mr. Co-ston argued that the January 7, 2009 payment amounted to an unconditional offer or payment that acted as a tacit acknowledgment, which interrupted prescription on his claims. Mr. Coston, likewise, se *86 cured leave of court to amend his petition by adding the following paragraph:
That on or about January 7, 2009, Traveler’s Insurance Company, on behalf of their insured, Mary Seo, paid Clifton Coston his property damage by totaling out his vehicle. In paying said claim, Traveler’s Insurance Company and Mary Seo have admitted the debt, and therefore, prescription begins to run on January 7, 2009.
Subsequently, the defendants responded by citing to La. R.S. 22:1290, which provides:
No settlement made under a vehicle liability insurance policy for a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer’s recognition of such liability, with respect to any other claim arising from the same accident or event.
Relying on the former statute, the defendants argued that Traveler’s discussions with Mr. Coston about the damage to his vehicle, Traveler’s payment of Mr. Co-ston’s property damage claim, and Mr. Coston’s subsequent negotiation of the property damage check was not a tacit acknowledgement under La. Civil Code art. 3464, but rather a settlement pursuant to La. Civil Code arts. 3071-3072. The defendants argued, therefore, that Mr. Co-ston’s petition was filed untimely and his claims therein should be dismissed.
The parties argued the merits of the defendants’ exception of prescription before the trial court on November 18, 2011. But no evidence was formally | ^introduced to support or controvert the petitions’ allegations. At the close of the hearing the trial court granted the defendants’ exception. On December 12, 2011, the trial court signed a judgment that memorialized its prior ruling and dismissed Mr. Coston’s claims with prejudice. Mr. Coston timely perfected a devolutive appeal.
II
In this Part we first discuss the law applicable to prescription, and then set out the standards governing our review of the defendants’ exception of prescription.
A
“Liberative prescription is a mode of barring of actions as a result of inaction for a period of time.” See La. Civil Code art. 3447. Louisiana law provides that an obligee’s right to assert a cause of action may be lost with the passage of time by the operation of prescription. See Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105, p. 5 (La.3/15/11), 62 So.3d 721, 726. The jurisprudence explains that the “fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof.” Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040, 1045 (La.1985). Prescriptive statutes “are designed to protect him against lack of notification of a formal claim within the prescriptive period,” and importantly for |sthe purposes of this discussion, “not against pleading mistakes that his opponent makes in filing the formal claim within the period.” Id.
Prescription may be interrupted.[2] Significantly, La. Civil Code art. 3466 pro *87 vides that if “prescription is interrupted, the time that has run is not counted.” Rather, prescription “commences to run anew from the last day of interruption.” Id. A prescriptive period is interrupted “when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.” La. Civil Code art. 3462. If, on the other hand, an “action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” Id. An action commenced in a court of competent jurisdiction and venue, or with service of process within the prescriptive period, continues for as long as the suit remains pending. See La. Civil Code art. 3463. If, however, a plaintiff abandons or voluntarily dismisses the action at any time either before the defendant has made an appearance of record, or fails to prosecute the suit at trial, then interruption is considered never to have occurred. Id. Significantly, La. Civil Code art. 3466 provides that if “prescription is interrupted, the time that has run is not counted.” Rather, prescription “commences to run anew from the last day of interruption.” Id.
An interruption in prescription also occurs when “one acknowledges the right of the person against whom he commenced to prescribe.” La. Civil Code art. |fi3464. An acknowledgment is a simple admission of liability resulting in the interruption of prescription that has commenced to run, but not accrued. See Demma v. Automobile Club Inter-Insurance Exchange, 08-2810, p. 4 (La.6/26/09), 15 So.3d 95, 98. In Lima v. Schmidt, 595 So.2d 624, 634 (La.1992), the Supreme Court considered the question of what constitutes an acknowledgment sufficient to interrupt prescription. Drawing upon commentary from doctrinal writers, the Court observed:
Aubry and Rau also comment that acknowledgment may result from “real, or even verbal offers of payment which were not accepted, provided that in either case the offer was unconditional and not an offer to settle the claimed debt.” Similarly, Carbonnier comments that “acknowledgment may be merely tacit. It can result from any attitude of the debtor which implies an unequivocal admission of the creditor’s right.” 5 Civil Law Translations, J. Carbonnier, Notes on Liberative Prescription, pp. 465-66. See also 2 M. Planiol, Treatise on the Civil Law, §§ 665 et seq. (La.St. L.Inst.Trans.1959).
Lima, 595 So.2d at 633. Based upon the doctrinal writings, the Court concluded that the following generalizations can be drawn with respect to tacit acknowledgments:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. [Emphasis added.]
Lima, 595 So.2d at 634.
Lastly, the “interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.” La. Civil Code art. 1799. See also La. Civil Code art. 3503 (“When prescription is interrupted against a 17solidary obli-gor, the interruption is effective against all solidary obligors and their successors.”) Thus, a tacit acknowledgment made by one solidary obligor will serve to interrupt prescription against all solidary obligors.
*88 B
“Prescription must be pleaded. Courts may not supply a plea of prescription.” La. Civil Code art. 3452. See also La. C.C.P. art. 927 B (“The court may not supply the objection of prescription, which shall be specially pleaded.”). Prescription is an objection raised by peremptory exception. See La. C.C.P. art. 927 A(l). Like other peremptory exceptions, a defendant may raise the exception of prescription at any time prior to the matter’s submission after trial. See La. C.C.P. arts. 927 and 928(B). La. C.C.P. art. 929 provides that when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case.
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. See Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).
The trial court is not bound to accept as true the allegations of plaintiffs petition in its trial of the peremptory exception. See Bowers v. Orleans Parish School Bd., 95-2530 (La.App. 4 Cir. 5/29/96), 694 So.2d 967, 972. Evidence may be introduced at the trial of all peremptory exceptions, except the objection of | sno cause of action. See La. C.C.P. art. 931. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. See Davis v. Hibernia Nat. Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. The standard of review of a trial court’s finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong. See In re Medical Review Proceedings of Ivon, 01-1296, p. 5 (La.App. 4 Cir. 3/13/02), 813 So.2d 532, 536.
Further, the standard controlling the review of a peremptory exception of prescription requires that this Court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. See Proctor’s Landing Property Owners Ass’n, Inc. v. Leopold, 11-0668, p. 10 (La.App. 4 Cir. 1/30/12), 83 So.3d 1199, 1206; Bosarge v. DePaul/Tulane Behavioral Health Center, 09-1345, p. 2 (La.App. 4 Cir. 5/19/10), 39 So.3d 790, 792.
Ill
In this Part, we address the reasons for our reversal of the trial court’s December 12, 2011 judgment. Mr. Coston urges us to reverse the trial court’s dismissal of his petition on the grounds that Traveler’s payment of his property damage claim amounted to an acknowledgment that interrupted prescription on his claims against all defendants in accordance with La. Civil Code art. 3464. The defendants urge us to accept, as they presume the trial court to have done, that Travelers’ payment of Mr. Coston’s property damage claim was a settlement, thus |9entitling them to the protections afforded by La. R.S. 22:1290. Though for reasons not specified by him on appeal, we agree with the appellant that the trial court’s judgment must be reversed. Specifically, we find that the defendants failed to introduce evidence at the hearing on their exception in support of their argument that Traveler’s payment of Mr. Coston’s property damage claim amounted to a settlement pursuant to La. R.S. 22:1290.[3]
*89 Our review of the jurisprudence indicates that the defendants’ failure to introduce any evidence in support of their exception mandates the reversal of the trial court’s judgment. In Mallett, 05-2289, p. 1, 939 So.2d at 1256, the Supreme Court held that the term “settlement,” as used in La. R.S. 22:661, the predecessor to La. R.S. 22:1290, is limited to a settlement or compromise as contemplated by La. C.C. art. 3071. Subsequent to the Supreme Court’s Mallett opinion, the Louisiana Legislature revised La. Civil Code art. 3071 by splitting up its two paragraphs between the newly revised La. Civil Code arts. 3071 and 3072. The two paragraphs now read:
Art. 3071. Compromise; definition
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.
Art. 3072. Formal requirements; effects
A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.
110ClearIy, it was incumbent upon the defendants, as exceptors, to substantiate their claim of a confected compromise between the parties by introducing evidence of the settlement at the hearing on their exception of prescription. We have examined the record and found no evidence of a settlement recited in open court, or exhibits which were introduced into evidence at the hearing on the defendants’ exception of prescription.
While the record indicates that certain documents were appended to the parties’ trial court memoranda, the jurisprudence provides clearly that arguments and pleadings are not evidence. In re Melancon, 05-1702, p. 7 (La.7/10/06), 935 So.2d 661, 666; Garco, Inc. v. Rob’s Cleaning & Powerwash, Inc., 08-1249, p. 8 (La.App. 4 Cir. 4/22/09), 12 So.3d 386, 391. See also Jones v. Jones, 09-757, 5 (La.App. 5 Cir. 12/29/09), 30 So.3d 137, 139 (“Memo-randa and exhibits which were not filed into evidence in the trial court are not part of the record on appeal.”). “Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.” Denoux v. Vessel Mgmt. Seros., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. In Denoux, the Louisiana Supreme Court stated that “[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.” Id. “Documents attached to memo-randa do not constitute evidence and cannot be considered as such on appeal.” In re Helm, 11-0500, p. 5 (La.App. 4 Cir. 11/2/11), 84 So.3d 601, 605. Accordingly, this Court must disregard the defendants’ arguments with respect to the alleged settlement of Mr. Coston’s h ¡property damage claim because they failed to introduce into evidence any supporting exhibits. Because the record is devoid of any evidence to support the defendants’ claims, the trial court should have overruled the exception. Thus, we must reverse the trial court’s December 12, 2011 judgment which granted the defendants’ exception of prescription and dismissed the plaintiffs suit with prejudice.
*90 DECREE
The trial court’s December 12, 2011 judgment sustaining the exception of prescription brought by Mary Seo, Daughters of Charity Services of New Orleans Foundation, and Travelers Property Casualty Insurance Company, and dismissing with prejudice Clifton Lee Coston’s suit is reversed. This matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED

. We note that the trial court's December 12, 2011 judgment granting the defendants' exception of prescription dismissed Mr. (Boston's claims against the Daughters, with prejudice. The record indicates, however, that Mr. Coston voluntarily dismissed his claims, without prejudice, against the Daughters of Charity Services of New Orleans Foundation by Court order on January 15, 2010. This judgment was never served on any party, and the plaintiff never supplemented his petition by again adding the Daughters as a defendant. Nevertheless, counsel for defendants has continuously appeared on pleadings and in open court as attorney for the Daughters. Indeed, the Daughters joined in the defendants' exception of prescription and the trial court's judgment dismisses, with prejudice, Mr. Coston's claims against the Daughters. We express no view on the efficacy of the January 15, 2010 judgment in the light of our action respecting the December 12, 2011 judgment.

. Prescription may also be suspended or renounced after it has accrued. See La. Civil Code arts. 3449 and 3467. The matter before us does not implicate the concepts of suspension or renunciation.

. We further note that Mr. Coston did not introduce any evidence in support of his argument that Travelers’ payment constituted a tacit acknowledgment. The burden of proof in this case, however, was not on Mr. Coston in light of the amendment to his petition by which he pleads interruption of prescription.