JAMES F. McKAY, III, Chief Judge.
Un this appeal, plaintiff, Roy Robinson, Jr. (“Mr. Robinson”), seeks review of the trial court judgment granting an exception of prescription in favor of Starwood Hotels & Resorts Worldwide, Inc. (“Starwood”). For the following reasons, we affirm.
STATEMENT OF FACTS/PROCEDURAL HISTORY
On August 18, 2008, Mr. Robinson filed the present action against the Westin Hotel Company (“Westin”) alleging that on August 18, 2007, he sustained injuries while moving boxes onto a hydraulic lift. The petition for damages alleges that an employee of the Westin caused the lift to crush Mr. Robinson’s foot.[1]
*717 Service of the petition was requested on the Westin through its registered agent, CT Corporation System. It is undisputed that on October 27, 2008, CT Corporation System issued a letter to Mr. Robinson’s counsel, advising that CT Corporation System was not the registered agent for the Westin. On July 12, 2010, counsel for Mr. Robinson faxed a copy of the petition and a request for an answer to the Westin’s claims department.
|3On September 10, 2010, Mr. Robinson filed an amended petition for damages, naming Starwood and Columbia Sussex Corporation (“Columbia”) as additional defendants. The amended petition alleged that Starwood and Columbia owned, operated, and/or maintained the property where Mr. Robinson was injured. Initially, Starwood and Columbia filed a joint exception of prescription. The trial court denied the exception.
Thereafter, Starwood alone filed an exception of prescription, an exception of no cause of action, or in the alternative, a motion for summary judgment, asserting that the amended petition was filed more than one year after the date of the accident and that the amended petition did not relate back to the filing of the original petition. Starwood argued therein that it did not receive notice of the original petition until July 12, 2010, when it was notified of the action by its co-defendant, Columbia. Starwood also maintained that it had no affiliation or business relationship with the Westin at the time of Mr. Robinson’s alleged injury, and that it did not have ownership or control over the area where Mr. Robinson alleged he was injured. Thus, Starwood argued that it did not receive notice of the filing of the original petition.
In' opposition, Mr. Robinson argued that the amended petition related back to the filing of the original petition. Mr. Robinson asserted that based on information obtained from the Louisiana Secretary of State, the Westin merged with Starwood prior to his accident, thus there is an affiliation between Starwood and the Wes-tin, which allows a relation back of the amended petition.
The trial court granted the exception of prescription, dismissing all claims against Starwood with prejudice. The judgment is silent as to the exception of no |4cause of action and the alternative motion for summary judgment. Mr. Robinson’s motion for new trial was denied, and this appeal followed.
STANDARD OF REVIEW
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Delic-tual actions are subject to a liberative prescription of one year, which commences to run the day the injury or damage is sustained. La. C.C. art. 3492. Prescription may be interrupted. An interruption of prescription occurs when the obligee commences an action against the obligor, in a court of competent jurisdiction and venue. La. C.C. art. 3462.
Ordinarily, the exceptor bears the burden of proof at trial. Coston v. Seo, 2012-0216, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 88. However, the burden shifts to the plaintiff to show that the action is not prescribed if prescription is evident from the face of the pleadings. Id.
Evidence may be introduced and evaluated at the trial on the exception of prescription. La. C.C.P. art. 931. When *718 evidence is introduced and evaluated at the trial on the exception, the appellate court must review the entire record to determine whether the trial court manifestly erred in its factual conclusions. Coston, 2012-0216, p. 8, 99 So.3d at 88. The appellate court should not disturb the findings of the trial court unless the findings are clearly wrong. Id. Additionally, the standard controlling the review of the exception of prescription requires the appellate court to strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Id.
DISCUSSION
In his sole assignment of error, Mr. Robinson asserts that the trial court erred in granting the exception of prescription. He maintains that the original petition Uwas timely filed within the prescriptive period and that the amended petition relates back to the filing of the original petition.
First, we note that the amended petition naming Starwood as a defendant was filed September 10, 2010, more than one year after the August 18, 2007 incident. Hence, the action is prescribed on the face of the pleadings, and Mr. Robinson bore the burden of proving that the action against Starwood was not prescribed.
La. C.C.P. art. 1153 states that an amended petition or answer can relate back to the original pleading if is “arises out of the conduct, transaction, or occurrence.” The Louisiana Supreme Court analyzed article 1153 regarding amendments that change the identity of parties and held that four requirements must be met in order to relate back to the date.of the original petition. Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La.1983). Louisiana jurisprudence requires that:
(1) [t]he amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) [t]he purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;- (3) [t]he purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) [t]he purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Id., 434 So.2d at 1087.
In this instance, both Mr. Robinson and Starwood attached supporting documents to their memoranda. However, the record does not include a transcript of the trial court proceedings.
Lit is well established that an appellate court must render its judgment upon the record on appeal. La.C.C.P. art. 2164. Arguments and pleadings are not evidence. In re Melancon, 2005-1702 (La.7/10/06), 935 So.2d 661, 666.
In Denoux v. Vessel Mgmt. Servs., Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88, the Louisiana Supreme Court stated that “[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.” “Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.” Id. See also In re Helm, 2011-0500, p. 5 (La.App. 4 Cir. 11/2/11), 84 So.3d 601, 605.
In Bonner v. Goldberg, 2011-0768, p. 5 (La.App. 4 Cir. 11/2/11), 76 So.3d 1284, 1287, this Court noted that “[t]he appellant has the duty to secure either a transcript *719 of the testimony or a narrative of the facts; and the inadequacy of the record, if any, is imputable to the appellant.” Citing Olson v. Olson, 2004-1137, pp. 4-5 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 54-55. Ordinarily, “[i]n such cases where the record contains neither a transcript nor a narrative of facts agreed to by the parties, there is nothing for appellate review and the trial court’s ruling is presumed correct.” Id.
Without a transcript, this Court lacks the ability to determine if the documents were properly and officially introduced into evidence. Accordingly, this Court must disregard the documents attached to the memoranda as there is no proof that they were properly and officially offered and introduced into evidence during the trial on the exception of prescription.
The Supreme Court noted that “in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are 17accepted as true.” Denoux, 2007-2143, p. 6, 983 So.2d at 88. Thus, we turn our attention to the original and the amended petitions.
Applying Ray to this case, the first relation back factor is met as the original petition for damages and the amending petition arise out of the same transaction or occurrence. However, we find that the three remaining factors have not been met.
Regarding the second factor in Ray, there is no evidence in the record that Starwood received notice of the institution of the action within the prescriptive period. To support his argument that the second factor was met, Mr. Robinson relied on documents that this Court may not consider. There is no proof in the record that any of the documents relied on by Mr. Robinson and Starwood were properly and officially offered into evidence.
As to the third factor enunciated in Ray, there is no evidence that Starwood knew or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it. The record contains no proof that Starwood was served with a copy of the claim or is related to the defendants named in the original petition.
The fourth factor of Ray requires that the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to asserting a new cause of action, which would have otherwise prescribed. In the present case, the amended petition does not assert a relationship between the defendants named in the original petition and Starwood.
CONCLUSION
Based on the content of the record before us, we must conclude that Mr. Robinson failed to meet his burden of proving that the action against Starwood is not prescribed. Without the benefit of the evidence presented to the trial court, we Iscannot say that its judgment was erroneous. Accordingly, the judgment of the trial court granting the exception of prescription is hereby affirmed.
AFFIRMED.

. The petition alleges that the operator of the lift, Gary Cochran, was employed by Lobos *717 and/or the Westin. Lobos and Gary Cochran were named as defendants but were not served.