SANDRA CABRINA JENKINS, Judge.
| ]This case involves a landlord-tenant dispute over damages to movable property due to water intrusion in leased property. Plaintiffs, Benjamin Crosby and Bentex Associates, Inc., rented three apartments at 708 Orleans Avenue, owned by defendant Sahuque Realty Co., Inc. and managed by defendant Latter & Blum, Inc. (collectively “defendants”). During plaintiffs’ occupancy, from the mid-1990s until June, 2009, plaintiffs experienced water intrusion into the apartments that damaged plaintiffs’ furnishings, draperies, rugs, clothing, and artwork. Plaintiffs filed a petition for damages and argued that the defendants’ failure to properly weatherproof and make necessary repairs to the leased property constituted a continuing tort, because the operating cause of the injury was ongoing and gave rise to successive damages. Defendants argued that plaintiffs’ alleged damages resulted from separate weather-related occurrences of water intrusion into the apartments, rather than from continuous tortious conduct by the defendants. Defendants filed a peremptory exception of prescription alleging that the last water intrusion, during which plaintiffs could have sustained property damages, occurred on August 8, 2008, more than one year before the petition for damages was filed. The trial court granted the exception of prescription and dismissed plaintiffs’ 12property damage claims with prejudice. In further proceedings, the trial court dismissed all remaining claims asserted by plaintiffs against defendants.
Plaintiffs filed this devolutive appeal limited to the trial court’s judgment granting the exception of prescription and dismissing the property damage claims. At the trial on the peremptory exception of prescription no evidence was properly introduced into the record to demonstrate that plaintiffs’ property damage claim prescribed before the petition was filed. Based on the content of the record before this Court, we must conclude that defendants did not meet their burden of proof at the trial of the exception of prescription. For the reasons set forth below, we reverse the trial court’s January 28, 2011 judgment.
FACTS AND PROCEDURAL HISTORY
Benjamin Crosby (“Crosby”) is the sole owner and employee of Bentex Associates, Inc. (“Bentex”) (collectively “plaintiffs”). Between 1995 and 1996, Crosby entered into a lease for two apartments at 708 Orleans Avenue, owned by Sahuque Realty Co., Inc. (“Sahuque”). Several years later, Bentex entered into a lease with Sahuque for a third apartment at 708 Orleans Avenue. Latter & Blum, Inc. became the property management company for that property in June, 2008.
Between 1995 and 2009, plaintiffs experienced water intrusion leaks in all three apartments. Plaintiffs contend that the water intrusion leaks became progressively worse through the years, and resulted in significant water and mold damage to plaintiffs’ furnishings, draperies, rugs, clothes and artwork.
*1200 Plaintiffs maintain that they notified Sa-huque and Latter & Blum several times, during plaintiffs’ tenancy, that there was a problem with water intrusion in the apartments and that plaintiffs’ property was being damaged as a result. |sPIaintiffs contend that Sahuque made assurances to plaintiffs that steps would be taken to prevent further water intrusion.
In November, 2008, plaintiff Crosby was diagnosed with a sinus infection, and believing his physical condition was due to mold exposure in the apartments, plaintiffs ceased staying and working in the three apartments at 708 Orleans Avenue. Between December, 2008 and June, 2009, the parties attempted to negotiate terms for a continued lease agreement, including repairs and remediation to the apartments, but the parties failed to come to an agreement. Defendants issued a notice to vacate to plaintiffs in June, 2009, and plaintiffs vacated the apartments.
On October 26, 2009, plaintiffs filed a petition for damages against defendants. Plaintiffs alleged that defendants’ failure to weatherproof the apartments, make necessary repairs, and perform remediation caused damage to plaintiffs’ personal, movable property, for which plaintiffs sought damages.[1] Plaintiffs argued that defendants’ failure to act constituted a continuing tort and led to successive damages that remained unaddressed and unalleviat-ed for the entire period that plaintiffs occupied the apartments.
In October, 2010, each defendant filed a peremptory exception of prescription as to the property damage claims in plaintiffs’ petition.[2] Defendants argued that each water intrusion that caused damage to plaintiffs’ movable property gave rise to a separate property damage claim, subject to its own one-year liberative prescriptive period that commenced on the day the damage was Rsustained. Relying on plaintiffs’ responses to interrogatories and Crosby’s deposition, defendants averred that plaintiffs’ property sustained water damage during separate instances of water intrusion, on at least ten occasions between 1995 and 2005, once in June, 2005, once in October, 2007, and finally in August, 2008. Defendants asserted that plaintiffs’ last potential property damage claim had prescribed in August, 2009, one year after the last water intrusion and two months prior to the filing of plaintiffs’ petition for damages on October 26, 2009.
In opposition to the exception of prescription, plaintiffs maintained that the defendants’ ongoing failure to weatherproof the apartments and prevent further water intrusion was a continuing tort, for which the prescriptive period does not commence until the wrongful conduct causing damages is abated. Plaintiffs argued that defendants’ wrongful conduct continued unabated during the entire period of plaintiffs’ occupancy, which lasted until June, 2009.
At the trial on the peremptory exception of prescription, neither party formally introduced into evidence any supporting exhibits nor presented any arguments. The trial court granted defendants’ peremptory exception of prescription on the plaintiffs’ property damage claims. The trial court stated, “[u]pon review of the petition, case law and Plaintiffs deposition taken in Au *1201 gust 2010, the Court finds that the undisputed facts demonstrate that the Plaintiff was aware of his property damage sustained in separate weather intrusions between 1995 and 2005.” The trial court found that the facts demonstrated the last water intrusion and damage occurred in August, 2008, and that the plaintiffs’ property damage claim prescribed in August, 2009. The trial court reasoned that the separate water intrusions provided a multiplicity of causes of action, each of which had a corresponding one-year liberative prescriptive period from the date on which Isplaintiffs acquired, or should have acquired, knowledge of the damage sustained. The trial court also stated that a series of injuries caused by separate wrongful acts does not constitute a continuing tort, which only applies when continuous conduct causes continuing damages. The trial court dismissed plaintiffs’ property damage claims with prejudice.
Plaintiffs filed a motion for new trial or, alternatively, for leave to amend the petition to set forth facts in support of a contra non valentum defense to prescription. In denying the motion, the trial court noted again its rejection of plaintiffs’ continuing tort argument and quoted the Louisiana Supreme Court case, Hogg v. Chevron USA, Inc., as follows: “the breach of a duty to right an initial wrong simply cannot be a continuous wrong that suspends the running of prescription, as that is the purpose of every lawsuit and the obligation of every tortfeasor.” 09-2632, p. 23 (La.7/6/10), 45 So.3d 991, 1007.
Subsequently, defendants filed motions for summary judgment on all claims asserted by plaintiffs in this matter, and the trial court granted the defendants’ motions for summary judgment dismissing all of plaintiffs’ remaining claims with prejudice.[3] This devolutive appeal, filed by plaintiffs, followed.
DISCUSSION
In their one assignment of error, plaintiffs assert that the trial court erred in granting defendants’ peremptory exception of prescription.[4] The only issue presented to this court for review is whether defendants’ failure to weatherproof |Bthe plaintiffs’ leased apartments constitutes a continuing tort, subject to a different prescriptive period, for which the damage claims have not prescribed. First, we must address the standard of appellate court review on a peremptory exception of prescription.
Exception of Prescription
Delictual actions are subject to a one-year liberative prescriptive period, which commences to run on the day the damage or injury is sustained. La. C.C. art. 3492. The party pleading an exception of prescription bears the burden of proving that the claim has prescribed on its face. Coston v. Seo, 2012-0216, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 88. If the claim is prescribed on its face, then *1202 the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. Id.
On the trial of the peremptory-exception of prescription, evidence may be introduced to support or controvert any of the objections pleaded. La. C.C.P. art. 931. When evidence is introduced into the record and evaluated by the trial court at the trial of a peremptory exception, then the appellate court should not disturb the factual findings of the trial court absent manifest error. Coston, p. 8, 99 So.3d at 88. The appellate court is a court of record, and the court may not review evidence that was not properly introduced into the record. See La. C.C.P. art. 2164; Denoux v. Vessel Management Services, Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. “Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.” Denoux, p. 6, 983 So.2d at 88. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. Id. (citing Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La.11/29/05), 917 So.2d 424, 428).
Finally, we note that under Louisiana jurisprudence, prescriptive statutes are to be strictly construed in favor of the obligation sought to be extinguished, thereby allowing a plaintiff to proceed with the enforcement of a claim. Bustamento v. Tucker, 607 So.2d 532, 537 (La.1992); Coston, p. 8, 99 So.3d at 88.
The first issue we must consider regarding the exception of prescription is whether it is evident on the face of the petition that plaintiffs’ property damage claim has prescribed. A review of the petition reveals that plaintiffs alleged defendants’ wrongful conduct constituted a continuing tort. More specifically, plaintiffs alleged that defendants’ ongoing failure to weatherproof the apartments and perform mold remediation during the entire period of plaintiffs’ occupancy of the apartments caused continuous damages to plaintiffs’ personal property. Rather than allege any specific instances or examples of the wrongful conduct or sustained damages, plaintiffs maintained that defendants’ wrongful conduct and the resulting damages were ongoing from the mid-1990s, when plaintiffs originally leased the apartments, until June, 2009, when plaintiffs vacated the apartments. Plaintiffs’ petition for damages was filed on October 26, 2009. Based on the allegations in the petition, plaintiffs’ property damage claim was not prescribed at the time the petition was filed.
When defendants filed their peremptory exception of prescription, defendants submitted, attached to the memorandum as Exhibit A, plaintiffs’ responses to interrogatories and the deposition transcript of Benjamin Crosby. The factual background portion of defendants’ memorandum in support of the exception of prescription relies heavily on the information gathered by defendants 1 sduring discovery. Relying on plaintiffs’ responses to interrogatories and plaintiff Crosby’s deposition, defendants argued that plaintiffs’ property damages were sustained during separate, distinct weather-related water intrusions, the last of which occurred in August, 2008.
At the trial on the peremptory exception of prescription, the trial court asked if either party had anything to add to their memoranda, but neither party offered and introduced any supporting evidence, and neither party presented testimony or argument. The parties submitted the issue of prescription on their memoranda.
*1203 The transcript of the trial on the exception of prescription indicates that the trial court relied on the deposition testimony of plaintiff Crosby, which was not properly in evidence before the trial court. Exhibits attached to memoranda, but not filed into the record as evidence, cannot be considered as evidence on appeal. Coston, p. 10, 99 So.3d at 89 (citing In re Helm, 11-0500, p. 5 (La.App. 4 Cir. 11/2/11) 84 So.3d 601, 605); Denoux, p. 6, 983 So.2d at 88. No evidence was properly introduced into the record before us to demonstrate that plaintiffs’ property damage claim prescribed before the petition was filed. Based on the content of the record before us, we must conclude that defendants did not meet their burden of proof at the trial of the exception of prescription. Thus, we must reverse the trial court’s January 28, 2011 judgment, which granted the defendants’ exception of prescription and dismissed plaintiffs’ property damage claim with prejudice.
DECREE
For the reasons stated above, the trial court’s judgment granting defendants’ peremptory exception of prescription on plaintiffs’ property damage claims is | ¡¡reversed. This matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TOBIAS, J., Concurs and Assigns Reasons.

. The petition also alleged defendants’ failure to remediate the mold caused personal injury to plaintiff Crosby for which he sought medical expenses and damages.

. Sahuque filed a peremptory exception of prescription on October 7, 2010, and Latter & Blum filed an exception of prescription on October 29, 2010. Latter & Blum adopted the facts, law and argument set forth in Sa-huque's memorandum in support of the exception.

. On June 23, 2010, plaintiffs filed a second petition for damages arising out of wrongful eviction in a separate suit against the same defendants. Upon a motion to consolidate filed by defendant Sahuque, the trial court consolidated the two suits for damages. Defendants each filed motions for summary judgment on the claim for wrongful eviction, in June and July, 2011, respectively, which were granted by the trial court. On March 16, 2012, the trial court granted unopposed motions for summary judgment in favor of defendants on the final remaining claims for bodily injury asserted by plaintiffs.

. Plaintiffs' motion for devolutive appeal listed three separate judgments from which plaintiffs were appealing, but plaintiffs limited their appeal to the January 28, 2011 judgment granting defendants' exception of prescription.