BONIN, J.,
dissents with reasons.
|tI respectfully dissent. Because I conclude that the district judge did not err when he found that the Board of Zoning Adjustments was arbitrary and capricious in its denial of the Antunezes variance request, I would affirm the district court’s ruling. I, therefore, respectfully dissent and explain my reasons.
A party aggrieved by a decision of the Board of Zoning Adjustment is entitled to judicial review by a district court through a writ of certiorari directed to the Board. See La. R.S. 33:4727 E; Vieux Carre Property Owners v. City of New Orleans, 14-0825, p. 7 (La.App. 4 Cir. 4/15/15), - So.3d --, -, 2015 WL 1736870, writ denied, 15-1147 (La.09/18/15), 178 So.3d 149.[1] Because Section 4727 E is silent on the applicable standard of review, the general provisions of the Administrative Procedure Act also apply. See Gebre v. City of New Orleans, 14-0904, 14-0905, p. 20 (La.App. 4 Cir.10/7/15), 177 So.3d 723, 737; DMK Acquisitions & Properties, L.L.C. v. City of New Orleans, 13-0405, p. 8 (La.App. 4 Cir.9/18/13), 124 So.3d 1157, 1162-1163. Defining the scope and standards for | ¿judicial review of agency decisions, Section 964 G of Title 49 of the Louisiana Revised Statutes, indicates that a district court sitting in review of an agency decision “may affirm the decision of the agency or remand the case for further proceedings.” A district court is also empowered by Section 964 G to reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6)' Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination, and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
*530 The purpose of such review, accordingly, “is to determine whether the evidence establishes, a legal and substantial basis for the decision or whether the. BZA has exceeded its jurisdiction and acted in an arbitrary and capricious manner.” Vieux Carre Property Owners, 14-0825, p. 6, — So.3d at -.
As part of its certiorari review, the district judge must “first determine- or establish whether or not the decision of. the board or administrative, agency is supported by substantial and competent evidence adduced in proceedings which are regular and orderly.” Gertler, 346 So.2d at 233. In order to facilitate this review process Section 4727 places the burden of producing the record upon the Board, although the party requesting the appeal is obligated by statute to “bear the 1¡¡costs of transcribing the auditory recording of the meeting in which the adverse” decision was rendered, See La. R.S. 33:4727. E(2). Section 4727 E, specifically, instructs the Board of Zoning Adjustment upon receipt of a writ of certiorari to return tó the district court original, certified or sworn copies of those “papers acted upon by it” and concisely “set forth [in its return] such other facts as may be pertinent and material to show the grounds of the decision appealed from.” See La. R.S. 33:4727 E(2)(3).
After examining the Board’s return to the Antunezes’ petition, I cannot ascertain what, if any, evidence was introduced at the, Antunezes’ hearing or the facts and materials relied upon by the Board to deny the claim. That is, neither the Board’s written disposition of the variance request, nor its return to the Antunezes’ Writ of .Certiorari, identifies the facts and evidence relied upon by it in denying the variance request. Further, those documents attached to the return are neither original, certified, nor sworn copies of the “papers acted upon by” the Board. La.' R.S. 33:4727 E(3). And, in spite of the-'clear provisions of Section 4727 E(3), the Board’s return was not verified. I also note that none of these documents — indeed no evidence at all — was formally introduced into the district court’s'record by the Board at the hearing on the Antu-nezes’ petition. And while the Board provided the district judge with a link to an online video ■ of the Antunezes’ hearing, these, proceedings were neither transcribed for the record or imprinted upon a disc and introduced into evidence. See, e.g., La. C.E. art. 1003.1, and Uniform Rules, Courts of Appeal, Local Rule 24 concerning electronic audio and video evidence. The Antunezes, on the other hand, attempted to introduce additional evidence in support of their claim at the trial of their petition, but the district judge, being of the opinion that he could not consider new evidence, refused their offer.[2]
14Although the record indicates that certain documents were appended to the parties’ trial court .pleadings, the jurisprudence provides clearly that arguments, memoranda, and pleadings are not evidence. See Coston v. Seo, 12-0216, p. 10 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 89. *531 “Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.” Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. In other words, “[e]vidence not properly and officially offered and introduced cannot be considered, ev.en if it is physically placed in the record.” Id.
The record before the district court, therefore, did not identify the evidence introduced at the hearing before the Board, or set out the reasons underlying the Board’s decision. When evaluating the Antunezes’ claims in light of Section 964 G’s standard of review, the district judge, therefore, was confronted with something resembling more of' a tabula rasa than' a record comprised of competent evidence. “Generally, ‘capriciously’ has been defined as a conclusion of a commission when the conclusion is announced with no substantial evidence to support it, or a conclusion contrary to substantiated competent evidence.” Coliseum, Square Ass’n v. City of New Orleans, 544 So.2d 351, 360 (La.1989). Similarly, the word “arbitrary!’ implies .a disregard of evidence or of the proper weight thereof. See id. Given the record’s absence of substantial and competent evidence, and the Board’s failure to document the reasons underlying its. denial, I conclude that the district judge did not err when he found that the Board was arbitrary and capricious in its denial of the Antunezes variance request. Any other result constitutes, in my opinion, a gross departure from proper administrative and judicial proceedings.
RFor these reasons, I would affirm the district court’s judgment reversing the Board of Zoning Adjustment’s June' 9, 2014 denial of the Antunezes’ request for a variance. But, if the judgment is to be reversed, in my view the correct remedy is to remand the matter- to the district court for an evidentiary hearing or a further remand to the Board of Zoning Adjustments in accord with the controlling administrative procedures. See La. R.S. 33:4727 E; La. R.S. 49:964 G.

. See also Gertler v. City of New Orleans, 346 So.2d 228, 232 (La.App. 1977), citing 14 Am. Jur.2d Certiorari, Sec. 2 Nature and office of writ, pp. 778-779: " 'The function of a writ of certiorari is to correct substantial error's of law committed by a judicial or quasi-judicial tribunal which are not otherwise reviewable by a court. Its purpose is to review the findings and acts of inferior tribunals and officers exercising judicial or quasi-judicial functions, in order to determine whether their jurisdiction has been exceeded, or to ascertain whether the evidence furnishes any legal and substantial basis for the decision of the inferior tribunal.’ ”

. Although I would affirm the district judge’s ruling on other grounds, this evidentiary ruling ' constitutes clear legal error. Section 4727 E clearly empowers a district judge to "take additional testimony or receive additional evidence as part of its consideration of such an appeal -from the board of adjust'ment.” Esplanade Ridge Civic Ass'n v. City of New Orleans, 13-1062, pp. 4-5 (La.App. 4 Cir. 2/12/14), 136 So.3d 166, 169; La. R.S. 33:4727 E(4). “Such additional evidence and testimony may be entertained whenever the district court is of the opinion that it is warranted.” . Esplanade Ridge Civic Ass’n, 13-1062, p. 5, 136 So.3d at 169. The district judge was clearly authorized to entertain new evidence, yet refused to do so.