959 So.2d 558 (2007)
Scott A. CIPRIANO
v.
Sidney C. PULITZER, Liberty Mutual Insurance Company.
No. 2007-CA-0010.
Court of Appeal of Louisiana, Fourth Circuit.
May 23, 2007.
*559 William S. Vincent, Jr., W. Jared Vincent, V. Jacob Garbin, Law Offices of William S. Vincent, Jr., New Orleans, LA, for Plaintiff/Appellant.
Kevin T. Phayer, Law Office of Marvin H. Olinde, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, Jr.)
TOBIAS, Judge.
The issue before us is whether the plaintiff's cause of action prescribed by one day.
On 11 April 2005, plaintiff/appellant, Scott Cipriano ("Cipriano"), and defendant/appellee, Sidney Pulitzer ("Pulitzer"), were involved in an automobile accident in New Orleans after Pulitzer allegedly attempted an illegal left turn in front of Cipriano. Cipriano filed suit on 12 April 2006, asserting that the collision injured his neck, back, and knees. Because the petition for damages was prescribed on its face by one day, Pulitzer filed a peremptory exception of prescription in the trial court proceedings.
In opposition to the exception, Cipriano's counsel submitted an affidavit in which he attested that since Hurricanes Katrina and Rita hit Louisiana, his office had only one staff member return, and she had left the firm since that time. Also, he swore that his office staff had turned over twice since the hurricanes, and that he anticipated further staffing changes at his firm. He further stated that the staffing issues faced by his office caused great difficulty in meeting deadlines, and the efficiency of his firm had been harmed. He asserted that had the staffing problems not occurred, this suit would have been filed timely. Additionally, he put forth an affidavit executed by the landlord for his residence that stated that he was displaced from his residence until 30 December 2005.
The exception was heard on 14 July 2006, and the trial court maintained the exception rendering judgment on 20 July 2006, dismissing Cipriano's suit with prejudice. In its reasons for judgment, the trial court noted that it had considered the statutory language, as well as the arguments of counsel regarding R.S. 9:5824,[1] *560 but concluded that the evidence did not preponderate to show that the petition for damages was filed at the earliest time practicable.
Cipriano appealed, assigning three errors. First, Cipriano asserts that the trial court erred in finding that La. R.S. 9:5824 did not bar a finding of prescription in this matter. Second, he asserts that the trial court erred in failing to apply the doctrine of contra non valentem agere nulla currit praescriptio (hereinafter, contra non valentem) to this case. Finally, he asserts that the trial court erred in failing to find that prescription was suspended for at least one day pursuant to Louisiana Civil Code article 3472 due to the court closures resulting from Hurricanes Katrina and Rita.
After reviewing the record on appeal, we do not find that the trial court erred in its application of La. R.S. 9:5824. The statute requires the trial court to make a factual determination after reviewing the evidence put forth by the petitioner that the claim is not prescribed. Our review of that finding is subject to a manifestly erroneous/clearly wrong standard,[2] and we do not find that the trial court was clearly wrong in its determination that Cipriano failed to put forth sufficient evidence to carry his burden of proof pursuant to the statute. However, we note that La. R.S. 9:5824 is not the sole defense to an exception of *561 prescription.[3]
Civil Code article 3472 provides:
The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension.
Thus, if we find that the prescriptive period on Cipriano's cause of action was suspended by just one day, it did not prescribe as a matter of law.[4]
Prescription runs against all persons unless there is a legislative exception, or unless the doctrine of contra non valentem applies. La. C.C. art. 3467; Fontenot v. ABC Ins. Co., 95-1707, p. 4 (La.6/7/96), 674 So.2d 960, 963. Contra non valentem is a judicially-created exception to prescription. Id., citing, Rajnowski v. St. Patrick's Hospital, 564 So.2d 671, 674 (La. 1990). The doctrine suspends the running of prescription in four situations:
(1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Id.; Rajnowski at 674.
Cipriano asserts that due to Hurricane Katrina, all available courts with jurisdiction over his cause of action were closed from 29 August 2005 until 2 September 2006, when the Nineteenth Judicial District Court reopened in Baton Rouge. He urges the application of contra non valentem to find that because all available courts of jurisdiction were closed due to Hurricane Katrina, he had no legal recourse for those days and prescription should be suspended for that time. We find his argument persuasive. It is undisputed that for at least one day following Hurricane Katrina, all of the courts of jurisdiction over Cipriano's cause of action in Louisiana were closed and unavailable to litigants. Thus, for at least one day, there was legal cause that prevented the courts from recognizing Cipriano's cause of action. Therefore, one of the conditions under which contra non valentem applies was present. The effect of the court closures was to suspend prescription for the *562 duration of time that there was no court of competent jurisdiction open in which Cipriano could file his petition for damages.
Thus, we find that because prescription was suspended for at least one day, Cipriano's suit was filed timely pursuant to the literal language of La. C.C. art. 3472. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.
REVERSED; REMANDED.
NOTES
[1] § 5824. Purpose; certain courts; suspension and extension of prescription and peremption and other legal deadlines

A. The legislature finds that Hurricanes Katrina and Rita created a statewide emergency which affected the entire judicial system in this state and all legal communities, and prohibited the court system from functioning as required by law. The legislature acknowledges that the proper functioning of this state's judicial system is essential to the administration of justice for all citizens. The legislature also recognizes that the courts in Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, and Vermilion, the legal communities, and the citizens were so severely devastated and although the courts may be open on a limited basis, the massive destruction of these areas continues to endanger and infringe upon the normal functioning of the judicial system, the ability of persons to avail themselves of the judicial system and the ability of litigants or others to have access to the courts or to meet schedules or time deadlines imposed by court order or rule or statute. The majority of residents and attorneys domiciled in these areas have been displaced and numerous client files, witnesses, evidence, records and documents have been lost, damaged, or destroyed. The legislature hereby declares that there is a compelling governmental interest in protecting the rights, claims, or actions of parties and the attorneys who represent them by granting additional time and access to these courts provided in this Section.
B. (1) Notwithstanding the provisions of R.S. 9:5822 or 5823, a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006. (2) The failure to file the motion authorized in Paragraph (1) of this Subsection shall not preclude a party from using the basis of the motion as a defense to an exception of prescription.
[2] Stobart v. State of Louisiana, through Dept. of Transportation and Development, 617 So.2d 880 (La.1993).
[3] Also, even though we find that Cipriano did not carry his burden of proof under La. R.S. 9:5824, we are mindful of the statute's stated purpose to protect the legal rights of litigants due to the catastrophic effects of Hurricane Katrina. Counsel for Cipriano admits that the failure to file the petition for damages timely was an oversight that resulted from the chaos in his legal practice brought on by the storm.
[4] The Louisiana Supreme Court has held that:

Suspension of prescription constitutes a temporary halt to its running. One doctrinal source aptly describes suspension as a period of time in which prescription slumbers. Prescription is suspended for as long as the cause of suspension continues. After the cause for the suspension ends, the prescriptive time begins running and the "time which precede[d] the suspension is added to the time which follows it to compose the necessary period; only the period of the suspension is deducted."
LeBreton v. Rabito, 97-2221, p. 6 (La.7/8/98), 714 So.2d 1226, 1229, quoting, G. Baudier-Lacantinerie A. Tissier, TRAITE THEORIQUE ET PRATIQUE DE DROIT CIVIL, Nos. 415, 368, 389 (4 ed.1924), reprinted in 5 CIVIL LAW TRANSLATIONS at 15 (La. St. Law Inst. Trans.1972).