PER CURIAM.
_JjWrit granted. The ruling of the trial court is reversed. We may take judicial notice that the impending landfall of Hurricane Isaac in southeast Louisiana led to the closure of the Orleans Parish Criminal District Court on August 28, 2012 and prevented the state from bringing defendant to trial on that date. La.C.E. art. 201(C) (“A court may take judicial notice [of adjudicative facts], whether requested or not.”); State v. Foneseca, 378 So.2d 389, 392 (“[W]e are entitled to take judicial notice of the facts of nature [such as time of sunset on a particular day] under [former] La.Rev. Stat. 15:422(6).”); State v. Lundy, 131 La. 910, 60 So. 613, 614 (1913) (“This court takes judicial notice of the fact that, when the defendant was called for trial and for some time prior to that date, a considerable portion of the parish of Pointe Coupee was under water from the crevasses in the levees of the Mississippi river....”). This cause beyond control of the state interrupted the two-year prescriptive period in which to bring defendant to trial. La.C.Cr.P. art. 579(A)(2); State v. Patín, 11-0488, p. 18 (La.App. 4 Cir. 5/23/12), 95 So.3d 542, 552 (Hurricane Katrina interrupted three-year prescriptive period to bring capital murder defendant to trial until jury trials resumed in Orleans Parish); State v. Brazile, 06-1611, p. 4 (LaApp. 4 Cir. 5/30/07), 960 So.2d 333, 336 (same), writ denied, 07-1339 (La.1/7/08), 973 So.2d 733. Therefore, the motion to quash filed by defendant on July 9, 2013 was |2premature and the trial court erred in granting him relief. The ruling of the trial court is reversed and the matter is remanded back to the trial court for further proceedings.