ROSEMARY LEDET, Judge.
|! This is a suit for uninsured motorist (“UM”) benefits. The insured filed this suit against his insurer two years and three days after the date of the motor vehicle accident. Citing the two-year prescriptive period for UM claims set forth in La. R.S. 9:5629,[1] the insurer filed a peremptory exception of prescription. Rejecting the insured’s contention that prescription was suspended as to his claim pursuant to the equitable doctrine of contra non valentem agere nulla currit praes-criptio (“contra non valentem”), the trial court granted the insurer’s exception. For the reasons that follow, we affirm the trial court’s judgment.
FACTUAL AND PROCEDURAL BACKGROUND
The underlying claim in this matter arises from a May 26, 2011 motor vehicle accident. On May 29, 2013, the insured, Joshua Felix, Jr., filed this suit |2against Safeway Insurance Company of Louisiana *629 (“Safeway”),[2] in its capacity as his alleged UM insurer, in Civil District Court for the Parish of Orleans (“CDC”). In his petition, Mr. Felix averred that the vehicle he was driving was rear-ended by a vehicle operated by Shawnika Arnold, an uninsured motorist. (Ms. Arnold was not named as a defendant.) At the same time it filed its answer, Safeway filed a peremptory exception of prescription. As noted at the outset, Safeway’s exception was based on the two-year prescriptive period for UM claims, La. R.S. 9:5629. Safeway contended that because this suit was filed three days after the two-year anniversary of the suit,[3] it was prescribed.
Opposing Safeway’s exception, Mr. Felix, although not acknowledging that his suit was not filed within the two-year prescriptive period, contended that prescription was suspended as to his claim pursuant to the doctrine of contra non valentem. More particularly, he contended that prescription was suspended based on the first of the four categories of contra non valen-tem — “where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff s' action.” Whitnell v. Menville, 540 So.2d 304, 308 (La.1989). Mr. Felix’s contention was that the two-year prescription period on his UM claim was suspended for the three days on which all courts of competent jurisdiction were closed due to Hurricane Isaac and that his claim was therefore not prescribed.[4]
lain support of his position, Mr. Felix noted that the only two courts of competent venue in which he could file this suit were CDC[5] and East Baton Rouge Parish, which is the 19th Judicial District Court (“19th JDC”).[6] Mr. Felix attached to his opposition memorandum the following evidence to establish that both CDC and the 19th JDC were closed for three days due to Hurricane Isaac:
• An August 28, 2012 order from the 19th JDC stating that “considering the emergency created by Hurricane Isaac, ... the Nineteenth Judicial District Court ... shall be closed beginning 8:30 a.m. Aug. 30, 2012, through 8:30 a.m. Aug. 31, 2012, unless further extended by Order of this Court.
*630 • Six pages from the Louisiana Supreme Court’s website regarding Hurricane Isaac Court Closure Orders and Information,
Based on the above evidence, Mr. Felix requested that the trial court take judicial notice of the fact that both courts were closed due to Hurricane Isaac for three days during the two-year prescriptive period. In support of his position, Mr. Felix pointed out that the first category of contra non valentem was invoked by this court to suspend prescription in circumstances similar to those presented in this case in Cipriano v. Pulitzer, 07-0010 (La.App. 4 Cir. 5/23/07), 959 So.2d 558.
Following a hearing, the trial court sustained Safeway’s peremptory exception of prescription and dismissed Mr. Felix’s suit with prejudice. This appeal followed.
^APPLICABLE PRINCIPLES AND STANDARD OF REVIEW
Prescription is a peremptory exception. La. C.C.P. art. 927 A(l). The peremptory exception of prescription is a “procedural device by which a defendant may obtain dismissal of the action because it is time-barred.” 1 Frank L. Maraist and Harry T. Lemmon, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 6.7 (1999); see also La. C.C.P. art. 923. The defendant must plead prescription. La. C.C.P. art. 927; La. C.C. art. 3452 (providing that “[prescription must be pleaded”). The defendant has “the burden of proving prescription, unless the facts alleged in plaintiffs petition reflect that the claim is prescribed, in which event the burden to negate prescription falls upon the plaintiff.” Frank L. Maraist & Thomas C. Galligan, Jr., LOUISIANA TORT LAW, § 10.03 (2004 ed.). To negate prescription, the plaintiff must establish an interruption, a renunciation, or a suspension. SS v. State ex rel. Dep’t of Soc. Servs., 02-0831, p. 7 (La.12/4/02), 831 So.2d 926, 931 (citing Lima v. Schmidt, 595 So.2d 624, 629 (La.1992)).
Although La. C.C. art. 3467 provides that “[prescription runs against all persons unless exception is established by legislation,” the jurisprudence has recognized that contra non valentem is a judicially-created exception to statutory prescription. Lomont v. Bennett, 14-2483, p. 24 (La.6/30/15), 172 So.3d 620, 637 (citing Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960, 963); see also La. C.C. art. 3467, cmt. d.[7] The jurisprudence recognizes that the contra non | ¿valentem doctrine is used to soften the occasional harshness of prescriptive statutes. See Carter v. Haygood, 04-646, p. 11 (La.1/19/05), 892 So.2d 1261, 1268. Nevertheless, the Louisiana Supreme Court has cautioned that the doctrine only applies in exceptional circumstances. Marin v. Exxon Mobil Corp., 09-2368, 09-2371, p. 13 (La.10/19/10), 48 So.3d 234, 245.[8]
*631 At the hearing on a peremptory exception of prescription pleaded before trial, evidence may be introduced to support or to controvert the exception. La. C.C.P. art. 931. “In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.” Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.
Addressing the standard of review of a judgment granting a peremptory exception of prescription, this court noted in Scott v. Zaheri, 14-0726, pp. 8-9 (La.App. 4 Cir.12/3/14), 157 So.3d 779, 785, the following:
A judgment granting a peremptory exception is generally reviewed de novo, because the exception raises a legal question. See Metairie III v. Poche’ Const., Inc., 10-0353, p. 3 (La.App. 4 Cir.9/29/10); 49 So.3d 446, 449. When evidence is introduced and evaluated at the trial of a peremptory exception, we must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. See Davis v. Hibernia Nat. Bank, 98-1164 (La.App. 4 Cir. 2/24/99); 732 So.2d 61, 63. The standard of review of a trial court’s finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong. See In re Medical Review. Proceedings of Ivon, 01-1296, p. 5 (La.App. 4 Cir.3/13/02); 813 So.2d 532, 536. The standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. See Proctor’s Landing Property Owners Ass’n, Inc. v. Leopold, 11-0668, p. 10 (La.App. 4 Cir.1/30/12); 83 So.3d 1199, 1206;. Bosarge v. DePaul/Tulane Behavioral Health Center, 09-1345, p. 2 (La.App. 4 Cir. 5/19/10); 39 So.3d 790, 792.

Id.

When no evidence is introduced at the hearing on the exception, “the reviewing court simply determines whether the trial court’s finding'was legally correct.” Bulliard v. City of St. Martinville, 14-140, p. 2 (La.App. 3 Cir. 6/4/14), 139 So.3d 1269, 1271, writ denied, 14-1455 (La.10/10/14), 151 So.3d 586 (citing Dauzart v. Fin. Indent. Ins. Co., 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802). Likewise, “[i]n a case involving no dispute regarding material facts, but only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference.” TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Parish of Lafourche, 10-0685, p. 8 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108 (citing Kevin Associates, L.L.C. v. Crawford, 03-0211, p. 15 (La.1/30/04), 865 So.2d 34, 43); see also Benson v. ABC Ins. Co., 12-517, 12-385, p. 2 (La.App. 3 Cir. 11/7/12), 106 So.3d 143, 145, writ denied, 12-2650 (La.2/8/13), 108 So.3d 86.
In this case, the record is unclear whether evidence was introduced at the hearing on Safeway’s peremptory exception of prescription. Because a copy of the ^transcript of the hearing is not included *632 in the record, we cannot discern whether Mr. Felix introduced any evidence at the hearing on the exception.[9] “Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.” Denoux, 07-2143 at p. 6, 983 So.2d at 88 (collecting cases).
Regardless, the only fact that Mr. Felix sought to introduce evidence at the hearing to establish was the court closure dates for CDC and the 19th JDC due to Hurricane Isaac. As noted above, Mr. Felix attached to his opposition memorandum a copy of an order from the 19th JDC and pages from the Louisiana Supreme Court’s website to establish this fact. This court must disregard the documents attached to his memoranda as there is no proof that they were properly and officially offered and introduced into evidence during the trial on the exception of prescription. Denoux, supra. This court, however, can take judicial notice of the fact of the court closure dates set forth on the Louisiana Supreme Court’s website. See Louisiana Supreme Court, Hurricane Isaac Court Closure Orders and Information, http://www.lasc.org/isaac — orders/isaac— information.asp (last visited November 12, 2015).[10] Taking judicial notice of this fact, we find the relevant facts |shere are undisputed; and the questions presented are purely legal. Accordingly, we apply a de novo standard of review. See Kevin Associates, 03-0211 at p. 15, 865 So.2d at 43.
DISCUSSION
 In his sole assignment of error, Mr. Felix contends that the trial court erred in sustaining Safeway’s peremptory exception of prescription. It is undisputed the two-year prescriptive period for UM claims applies and that the two-year period is subject to suspension.[11] As noted above, the pertinent facts in this case are undisputed. The time line of pertinent facts is as follows:
• May 26, 2011 — Date of the motor vehicle accident;
• August 27, 28, and 29, 2012 — CDC was closed due to Hurricane Isaac;[12]
• August 28, 2012 (half day) and August 29 and 30, 2012 — 19th JDC was closed due to Hurricane Isaac;
*633 • May 26, 2013 (Sunday)[13] — two year anniversary from the date of the accident;
• May 27, 2013 (Monday) — a legal holiday, i.e., Memorial Day;[14]
• May 28, 2013 (Tuesday) — the two-year prescription period ended;[15] and
h* May 29, 2013 (Wednesday) — Mr. Felix’s petition was filed.
Because the petition was prescribed on its face (it was one day late), the burden shifted to Mr. Felix to negate prescription. On this issue, Mr. Felix’s argument on appeal mirrors his contentions in the trial court. He again contends that the first category of contra non valen-tem applies to suspend prescription because of the court closures in August 2012 due to Hurricane Isaac. His sole support for this theory is the first category of contra non valentem, in general, and this court’s holding in the Cipriano case, in particular.
The first category of contra non valen-tem has been held to encompass situations in which the courts are closed due to war or some natural disaster, such as a hurricane. Frank L. Maraist and Thomas C. Galligan, LOUISIANA TORT LAW, § 10.04[2] (2004 ed.). The first category of contra non valentem thus covers the “ ‘law of catastrophes’: war, flood, hurricane, epidemic, strike, profound illness, etc. These cases can be seen as veritable applications of the concept of force majeure.” Benjamin West Janke and Francois-Xavier Li-cari, Contra Non Yalentem in France and Louisiana: Revealing the Parenthood, Breaking A Myth, 71 La. L. Rev. 503, 616 (2011). But, the mere occurrence of a catastrophe “does not suffice to invoke the maxim [contra non valentem]: the impossibility of acting must be absolute, for example, because the courts were closed or inaccessible.” Id.[16] This requires a case-by-case factual determination. Id.[17]
*634 |inIn the Cipriano case, this court invoked the first category to suspend prescription for one day based not only on a catastrophe — Hurricane Katrina — but also a factual impediment to filing suit. The facts in the Cipriano case were as follows. On April 11, 2005, Mr. Cipriano was in a motor vehicle accident. On August 29, 2005, Hurricane Katrina struck the New Orleans area. On April 12, 2006, Mr. Ci-priano filed a tort suit seeking to recover for his injuries arising out of that accident. Because his tort suit was filed one day late, the defendant filed an exception of prescription. Opposing the exception, Mr. Cipriano’s attorney submitted an affidavit attesting that in the aftermath of Hurricane Katrina, he experienced various staffing problems in his legal office and that but for those problems Mr. Cipriano’s suit would have been filed within the one-year prescriptive period. Mr. Cipriano’s attorney also submitted an affidavit from his landlord, who attested that Mr. Cipriano was displaced from his residence until December 30, 2005. The trial court found Mr. Cipriano’s suit was prescribed.
On appeal, this court agreed with the trial court that Mr. Cipriano failed to meet his burden of proof under La. R.S. 9:5824 — the special statute enacted to suspend prescription due to Hurricanes Katrina — because he failed to establish the petition for damages was filed at the earliest time practicable. We further noted that we were “mindful of the statute’s stated purpose to protect the legal rights of | T1litigants due to the catastrophic effects of Hurricane Katrina.” Cipriano, 07-0010, p. 3, n. 3, 959 So.2d at 561. Continuing, we noted that Mr. Cipriano’s attorney “admitted] that the failure to file the petition for damages timely was an oversight that resulted from the chaos in his legal practice brought on by the storm.” Id. Furthermore, we noted that La. R.S. 9:5824 was not Mr. Cipriano’s only defense to the prescription exception.
Mr. Cipriano’s other defense was that prescription was suspended based on the first category of contra non valentem. Stated differently, his defense was that contra non valentem should be invoked to find that “because all available courts of jurisdiction were closed due to Hurricane Katrina, he had no legal recourse for those days and prescription should be suspended for that time.” Cipriano, 07-0010 at p. 5, 959 So.2d at 561. Finding this argument persuasive, we reasoned as follows:
[F]or at least one day, there was legal cause that prevented the courts from recognizing Cipriano’s cause of action. Therefore, one of the conditions under which contra non valentem applies was present. The effect of the court closures was to suspend prescription for the duration of time that there was no court of competent jurisdiction open in which Cipriano could file his petition for damages.
Cipriano, 07-0010 at p. 5, 959 So.2d at 561-62. This court thus held that the time the courts were closed was a period of suspension to be added to the prescriptive period under La. C.C. art. 3472, which provided Mr. Cipriano the one day that he needed to negate prescription.[18]
112Mr. Felix interprets the Cipri-ano case as standing for the broad proposition that the closure of all courts of competent jurisdiction due to a hurricane, even *635 in the middle of a prescriptive period, is a. legal cause for purpose of invoking the first category of contra non valentem. We find this argument unpersuasive. As noted above, to invoke the first category, the plaintiff must establish not only the occurrence of a catastrophe, but also a factual impediment to filing suit. In Cipriano, we acknowjedged that the effects of Hurricane Katrina were still being felt at the timé prescription ran; moreover, we implicitly noted that the factual impediment to filing suit was “the chaos in [Mr. Cipriano’s attorney’s] legal practice brought on'by the storm.” Cipriano, 07-0010, p. 3, n. 3, 959 So.2d at 561.
In contrast to the Cipriano case, Mr. Felix neither identifies nor argues that a factual impediment caused his suit to be filed outside the two-year prescriptive period. Instead, he relies solely on the occurrence of a catastrophe — Hurricane Isaac — in the middle of the prescriptive period.[19] Again, the mere occurrence of a catastrophe is insufficient to invoke the first category of .contra non valentem. Mr. Felix’s reliance on the Cipriano case to suspend prescription based solely on the occurrence of a catastrophe during the prescriptive period in thus misplaced. Moreover, as' the Louisiana Supreme Court has cautioned, contra non valentem is to be applied only in exceptional cases. Marin, 09-2368, 09-2371 at p. 13, 48 So.3d at 245. This is not one.
Given Mr. Felix failed to establish that prescription was suspended based on contra .non valentem, the general rules for computation of the time in the | ispreseriptive period apply. Under those general principles, we find, as Safeway contends, that the days on which the courts were closed for Hurricane Isaac are “legal holidays” pursuant to La. R.S. 1:55 E(2)[20] and thus included in the computation of the two-year prescription period pursuant to La. C.C.P. art. 5059.[21] Ac *636 cordingly, we find no error in the trial court’s finding that Mr. Felix’s suit was not timely filed.

DECREE

For. the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. La. R.S. 9:5629 provides as follows:
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.

. Mr. Felix erroneously names the defendant in his petition as Safeway Insurance Company. The defendant’s correct name is Safeway Insurance Company of Louisiana.

. When prescription consists of one or more years, as here, “prescription accrues upon the expiration of the last day of the last year that corresponds with the date of the commencement of prescription.” La. C.C. art. 3456.

. Although Mr. Felix contended in the trial court that it was a two-day closure and suspension, he contends in his appellate brief that it was a three-day closure and suspension. At oral argument before this court, his counsel contended that it was "about” a two-day closure and suspension. For ease of discussion, we refer to an alleged three-day closure and suspension.

. Venue was proper in CDC because the accident occurred in Orleans Parish and both Mr. Felix and the uninsured driver lived there. See La. C.C.P. art. 74 (providing that an action on a tort is proper in the parish where the wrongful conduct occurred or where the damages were sustained): see also La. C.C.P. art 76 (providing that venue is proper in an action on an insurance policy in the parish where the loss occurred or the insured is domiciled).

.In the trial court, Mr. Felix contended that venue was proper in the 19th JDC because Safeway is a foreign insurer. See La. C.C.P. art. 42(7) (providing that venue is proper as to a foreign or alien insurer in East Baton Rouge Parish). At oral argument before this court, counsel for Safeway pointed out that Safeway is a domestic insurer and that venue for Safeway is thus proper in the 15th JDC, not the 19th JDC. This issue, however, was not raised in the trial court.

. Official Comment (d) to Civil Code Article 3467 reads as follows: "Despite the clear language of Article 3521 of the Louisiana Civil Code of 1870, courts have, in exceptional circumstances, resorted to the maxim contra non valentem non cunrit praescriptio. See Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979). This jurisprudence continues to be relevant.” La. C.C. art. 3467, cmt. d.

. Contra non valentem has been applied to prevent the running of prescription in the following four exceptional circumstances:
1. where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
2. where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
*631 3. where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
4. where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Whitnell v. Menville, 540 So.2d 304, 308 (La.1989) (citing Plaquemines Parish Commission Council v. Delta Development Co., 502 So.2d 1034 (La.1987), and Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979)); see also Fontenot v. ABC Ins. Co., 95-1707, p. 4 (La.6/7/96), 674 So.2d 960, 963.

, See Roger A, Stetter, LA. PRAC. CIV. APP. § 6:23 (2015) (citing Robinson v. Westin Hotel, 12-1454 (La.App. 4 Cir. 3/20/13) (unpub.), 177 So.3d 715, 2013 WL 1150477, for the proposition that an "appellate court was required to disregard documents attached to memoranda on appeal from exception of prescription, as record did not include transcript and there was no proof that they were properly and officially offered and introduced into evidence during the trial on the exception.”); see also Ray Brandt Nissan, Inc. v. Gurvich, 98-634, pp. 3-4 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476.

. See La.C.E. art. 201 C (providing that "[a] court may take judicial notice [of adjudicative facts], whether requested or not.”); see also State v. Bibbins, 14-0971, p. 1 (La.12/8/14), 153 So.3d 419 (noting that "[w]e may take judicial notice that the impending landfall of Hurricane Isaac in southeast Louisiana led to the closure of the Orleans Parish Criminal District Court on August 28, 2012 and prevented the state from bringing defendant to trial on that date,” and collecting cases); see also In re Katrina Canal Breaches Consol. Lit., 533 F.Supp.2d 615, 632 (E.D.La.2008) (noting that "[t]he Fifth Circuit has determined that courts may take judicial notice of governmental websites.”).

. See Matherne v. State Farm Mut. Auto. Ins. Co., 599 So.2d 816, 818-19 (La.App. 1st Cir.1992) (holding the two-year period under La. R.S. 9:5629 may be suspended under the doctrine of contra non valentem).

. As noted elsewhere, we take judicial notice of the dates the courts were closed for Hurricane Isaac as reflected on the Louisiana Supreme Court’s website.

. We take judicial notice that May 26, 2013 was a Sunday. See Diaz v. Nicosia, Licciardi & Nunez, LLC, 11-1641, p. 5, n. 4 (La.App. 4 Cir. 4/18/12), 94 So.3d 793, 795 (citing La.C.E. art. 201 B(2) and Deep South Towing, Inc. v. Sedgwick of New Orleans and Marsh U.S.A., Inc., 03-1829, p. 4, n. 1 (La.App. 4 Cir. 3/23/05), 901 So.2d 466, 469).

. La. R.S. 1:55 sets out the dates that are "legal holidays” for the purpose of La. C.C.P. art. 5059. We take judicial notice that Memorial Day is a legal holiday.

. If the last day of the prescriptive period falls on a legal holiday, the prescriptive period continues to run until the end of the next day that is not a legal holiday. La. C.C.P. art. 5059.

. Although the jurisprudence refers to a "legal cause” in the first category of contra non valentem, this court pointed out in Labit v. Palms Casino & Truck Stop, Inc., 08-1187, p. 3, n. 4 (La.App. 4 Cir. 1/28/09), 4 So.3d 911, 913, that ‘‘[tjhere is some dispute over whether the first category requires the cause be a “legal cause.” Id. (citing Benjamin W. Janke, Comment, Revisiting Contra Non Yalentem in Light of Hurricanes Katrina and Rita, 68 La. L. Rev. 497, 502-03 (2008)) (noting that modem recapitulations of the first category of contra non valentem have inaccurately termed it "legal cause” despite that the jurisprudence has treated this category as encompassing both factual and legal barriers.). Indeed, an early statement of the first category of contra non valentem requires the cause be "some cause.”

. See Wells v. Zadeck, 11-1232, p. 9 (La.3/30/12), 89 So.3d 1145, 1150 (citing Plaquemines Parish Commission Council, 502 So.2d at 1054-55) (noting that the four contra non valentem categories allow "the courts to weigh the ‘equitable nature of the circumstances in each individual case' to determine whether prescription will be tolled.”); see also Aegis Ins. Co. v. Delta Fire & Cas. Co., 99 So.2d 767, 781 (La.App. 1st Cir.1957) (noting that “[t]he doctrine of 'contra non’ is therefore used as an equitable estoppel in those cases in which the facts justify its application.”).

. But see Harris v. Stogner, 07-1451, pp. 2-3 (La.11/9/07), 967 So.2d 1151, 1152 (holding "in cases where the exceptional circumstances arise as a result of Hurricanes Katrina or Rita, we find the specific legislation in La. R.S. 9:5822 and La. R.S. 9:5824 super-cedes [sic] the general jurisprudential exception [of contra non valentem for abandonment]”).

. Moreover, there are other distinctions between this case and the Cipriano case. First, this case involves a two-year prescriptive period; whereas, the Cipriano case involved only a one-year period. Second, this case involves Hurricane Isaac; the Cipriano case involved Hurricanes Katrina and Rita — two hurricanes of such a magnitude that the Louisiana Legislature enacted special statutes to suspend prescription.

. La. R.S. 1:55 E(2) provides as follows:
If an emergency situation develops which, in the judgment of the clerk of court, renders it hazardous or otherwise unsafe for employees of the office of the clerk to continue in the performance of their official duties or for the general public to conduct business with the clerk’s office, the clerk, with prior approval from the clerk’s chief 1 judge or other person authorized to exercise his authority, may order the closing of his office for the duration of the hazardous or unsafe condition. No such closure shall be effective nor shall such period of closing be considered a legal holiday unless prior written approval or written confirmation from such chief judge or person acting on his behalf is received by the clerk of court. When the office is reopened, the clerk shall have published as soon as possible a legal notice in all of the official parish journals of the parishes within the district setting forth the dates of closure, the hour of closure if applicable, the reasons for closure, and a statement that, pursuant to R.S. 1:55(E)(3), these days or parts of days were legal holidays. The clerk shall attach a similar statement to every document, petition, or pleading filed in the office of the clerk on the first day or part of a day his office is open after being closed under the provisions of this Paragraph, whenever the petition or document relates to a cause of action, right of appeal, or other matter against which prescription could have run or time periods imposed by law could have expired. '

.La. C.C.P. art. 5059 provides, in part, as follows;
A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
*636 (3) The period is less than seven days.