# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2016

Lyle W. Cayce
Clerk

DARRELL CRANE,

     Plaintiff - Appellant

v.

CARL CHILDERS; CAPTAIN ALDEN THOMASSON; ST. HELENA
POLICE DEPARTMENT,

     Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-552

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

On August 19, 2015, Plaintiff–Appellant Darrell Crane filed suit against Defendants–Appellees Carl Childers, Captain Alden Thomasson, and the St. Helena Police Department, seeking damages under 42 U.S.C. § 1983 and Louisiana state law. Crane alleged that, on August 14, 2014, Defendants entered his residence with the intention of arresting him and released a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trained K-9 police dog to attack him, resulting in severe injuries to his legs. Defendants subsequently moved to dismiss Crane's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint was not timely as it had been filed outside of the one-year prescriptive period for delictual (tort) actions under Louisiana law. The district court granted Defendants' motion to dismiss, finding that the complaint was not timely and that no other remedy excused Crane from not filing within the prescriptive period. On appeal, Crane contends that the district court erred in dismissing his complaint as untimely given the Louisiana remedy of *contra non valentem*. For the reasons herein, we find that the district court did not err in dismissing Crane's complaint as untimely, and we AFFIRM the judgment of the district court.

"We review a district court's dismissal under Rule 12(b)(6) *de novo*, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Under our precedent, a cause of action under 42 U.S.C. § 1983 accrues "when [the] plaintiff knows or has reason to know of the injury which is the basis of the action." *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). But we "borrow the forum state's general personal injury limitations period" when determining whether such actions are time barred following the date of accrual. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). As such, both Crane's state law claims and § 1983 claim are subject to the one-year prescriptive period for delictual actions under Louisiana law.[1] *See* La. Civ. Code Ann. art. 3492.

---

[1] Crane alleged that the incident providing the basis for his action occurred in Greensburg, Louisiana, and also asserted claims for assault, battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress under Louisiana law.

No. 16-30160

Crane does not dispute that this prescriptive period applies, and he does not dispute that the prescriptive period would typically have run on August 18, 2015, thereby making his suit—filed on August 19, 2015—one day late and thus time-barred.  However, Crane argues that the prescriptive period for his claims was suspended for a day and did not start running until August 19, 2014, under the Louisiana state law doctrine of *contra non valentem*.  In particular, he argues that, because he underwent surgery and was anesthetized for a day following his alleged injuries, he was unable to avail himself of any judicial remedies against Defendants in this day-long period.

The Louisiana Supreme Court has held that, under Louisiana law, a prescriptive period may be suspended or interrupted under "the principle that prescription does not run against a party who is unable to act (a principle often denoted by the maxim *Contra non valentem agere nulla currit praescriptio*)." *Corsey v. State*, 375 So. 2d 1319, 1321 (La. 1979) (emphasis added).  Generally, this doctrine applies in four categories of cases, *see Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994), including where a defendant has engaged in "some conduct . . . prevent[ing the plaintiff] from availing himself of his judicial remedy." *Corsey*, 375 So. 2d at 1322.  We have noted, however, that "Louisiana courts strictly construe this doctrine," *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000), and that "Louisiana [caselaw] has generally given the *contra non valentem* doctrine a narrow interpretation," *Wilson v. Hargroder*, No. 93-03886, 1995 WL 29339, at *3 (5th Cir. Jan. 19, 1995) (per curiam) (unpublished); *see also Doe v. Ainsworth*, 540 So. 2d 425, 426 (La. Ct. App. 1989) (noting that the doctrine is "rarely accepted" in application).

We agree with the district court that the prescriptive period for Crane's complaint was not suspended under the doctrine of *contra non valentem*.  Although Crane argues that he falls within the third category of cases where the doctrine applies—injuries caused by Defendants rendered him incapable

3

of availing himself of his remedies—the circumstances of Crane's alleged injury do not justify the "exceptional remedy" of *contra non valentem*. *Harsh v. Calogero*, 615 So. 2d 420, 422 (La. Ct. App. 1993). Crane argues that his case is analogous to that of the plaintiff in *Corsey* who, due to a defendant's negligence, suffered brain injuries that left him "so mentally incapacitated . . . that he lacked any understanding of what happened to him and of his possible legal remedies" until over a year after the injury was sustained. *Corsey*, 375 So. 2d at 1320. While the Louisiana Supreme Court found that those facts justified suspension of the prescriptive period, *Corsey* involved a plaintiff's extreme failure to understand *that he had been injured* by the defendant, to the extent that the plaintiff only became aware of his rights once the prescriptive period had ended. *See id.* at 1320, 1324. By contrast, Crane does not allege the same extreme facts, but rather that he was unaware of the *extent* of his injury for a day and unable to file suit in that period. As the district court noted, Crane's argument, taken to its logical conclusion, suggests that the prescriptive period must be suspended in other instances of hospitalization, surgery, or medication. But this result would directly contravene the principle that *contra non valentem* is to be strictly construed and limited to exceptional circumstances. The instant case does not involve exceptional circumstances.[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] Crane also points to *Cipriano v. Pulitzer*, 959 So. 2d 558, 561 (La. Ct. App. 2007) as support for his argument that *contra non valentem* can suspend the prescriptive period for one day. However, as another Louisiana court later recognized, *Cipriano* involved an extreme instance where, as a result of Hurricane Katrina, all courts of competent jurisdiction had been closed and the plaintiff's attorney was unable to organize his affairs. *Felix v. Safeway Ins. Co.*, 183 So. 3d 627, 634–35 (La. Ct. App. 2015).