# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**22-56**

**ANTHONY JO EDWARDS**

**VERSUS**

**OFFICER JIM LEWIS, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 99,640 B
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Chief Judge, John E. Conery, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Mary K. Beaird**
**Attorney at Law**
**303 East Texas Street**
**Leesville, Louisiana 71446**
**(337) 944-0299**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Anthony Jo Edwards**

**Randall Brian Keiser**
**Matthew L. Nowlin**
**Keiser Law Firm, PLC**
**P. O. Box 12358**
**Alexandria, Louisiana 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**City of Leesville**
**Officer Jim Lewis**

**Joy C. Rabalais**
**H. Edward Barousse, III**
**Jordon John Henagan**
**Grant R. Schexnailder**
**Borne, Wilkes & Rabalais, L.L.C.**
**200 West Congress Street, Suite 1000**
**Lafayette, Louisiana 70502**
**(337) 232-1604**
**COUNSEL FOR AMICUS CURIAE:**
**Lousiana Municipal Association**
**Risk Management, Inc.**

**Craig E. Frosch**
**Jason P. Wixom**
**Frosch Rodrigue Arcuri, LLC**
**1615 Poydras Street, Suite 1250**
**New Orleans, Louisiana 70112**
**(504) 592-4600**
**COUNSEL FOR AMICUS CURIAE:**
**The Louisiana Sheriff's Association**

**CONERY, Judge.**

This case comes before the court on an appeal by Anthony Jo Edwards (Mr. Edwards), of the trial court's judgment of October 29, 2021, which granted the peremptory exception of prescription filed on behalf of Officer Jim Lewis and his employer, the City of Leesville (Defendants).[1] After a hearing on Defendants' exception, the trial court dismissed Mr. Edwards' claims with prejudice based on the application of the one-year prescriptive period of La.Civ.Code art. 3492. For the following reasons, we affirm.

## PROCEDURAL HISTORY AND FACTS

Mr. Edwards was arrested on February 2, 2019 and was booked into the Leesville City Jail in Vernon Parish, Louisiana. During the booking process he admitted taking his shoestrings and wrapping them around his neck. A still shot of Mr. Edwards attempting to strangle himself with the shoestrings was attached to Defendants' "Memorandum In Support Of The Exception of Prescription." The original photograph of the incident is contained in the record and was discussed with the trial court during the hearing.[2]

On February 1, 2021, two years later, Mr. Edwards filed a Petition For Damages under La.Civ.Code art. 3493.10, claiming that he had been injured during

---

[1] The case was initially removed to federal court, where the Federal District Court Judge dismissed Mr. Edwards' federal claims, concluding that pursuant to La.Civ.Code art. 3492, a one-year prescriptive period applied, and not as claimed by Mr. Edwards, the two year prescriptive period found in La.Civ.Code art. 3493.10. Mr. Edwards' state court claims were remanded to the 30th JDC on a motion filed on behalf of Mr. Edwards.

[2] Although counsel for Mr. Edwards states in her briefing to this court that a "video" was offered into evidence at the hearing, no "video" is contained in the record. Counsel for Defendants states, "[T]he only photographic evidence was the 'still shot' in the Memorandum in Support filed by the Defendants/Appellees." There was no other evidence offered by either party at the hearing, except for the three exhibits, offered by Mr. Edwards, which were not a "video," but a copy of La.Civ.Code art. 3493.10, the "Definitions" of La.R.S. 14:2, and the Amended Petition For Damages filed in Federal District Court.

the February 2, 2019 incident. Mr. Edwards' suit named the City of Leesville through Mayor Rick Allen, as the employer of Officer Jim Lewis.[3]

Mr. Edwards' petition alleged that Officer Lewis had committed second degree battery on him while assisting the arresting/booking officer in removing the shoelaces from around Mr. Edwards' neck by using a taser "in excess of 30 seconds, which should be confirmed in the use of force and taser reports, as more than 25 seconds longer than the recommended tase length." Defendants contend that the actions by Officer Lewis and the arresting/booking officer prevented Mr. Edwards from harming himself.

Mr. Edwards also claimed violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), La.Civ.Code art. 2315 and La.Civ.Code art. 3493.10 in his petition. Personal service was made on the City of Leesville on February 4, 2021.

On March 4, 2021, Defendants timely filed a Notice of Removal, pursuant to federal question jurisdiction. *See* 28 U.S.C. § 1331. Based on the request for removal, the case was transferred from the 30th Judicial District Court, Vernon Parish, Louisiana, to the United States District Court for the Western District of Louisiana, Lake Charles Division. Upon removal, Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), based on Mr. Edwards' "failure to state a claim upon which relief can be granted."

On March 10, 2021, Mr. Edwards filed a Motion to Remand asserting he was not making a claim for any relief under a federal cause of action. On March 11,

---

[3] *Amicus Curiae* briefs were filed in this case on behalf of the Louisiana Municipal Association and Risk Management, Inc., as well as The Louisiana Sheriff's Association. This court reviewed these exceptional briefs in making its determination in this case.

2

2021, Mr. Edwards filed an Amended Complaint, allegedly striking the allegations giving rise to a federal claim. On March 21, 2021, Defendants filed an opposition to the Motion to Remand and the Magistrate Judge found that despite Mr. Edwards' amendment, the complaint still allowed the federal court to maintain federal question jurisdiction.

On July 15, 2021, Magistrate Judge Kay issued a Report and Recommendation which denied the Motion to Remand Mr. Edwards' federal claims, more specifically Mr. Edwards' 42 USC § 1983 claim, and recommended that his federal claims be denied and dismissed with prejudice, based on the fact that they were prescribed, having not been filed within the one-year prescriptive period required for a 42 USC §1983 claim, pursuant to La.Civ.Code art. 3492.

Although Mr. Edwards contended in his argument to the Magistrate Judge "that Louisiana's two-year prescriptive period for delictual actions involving a 'crime of violence' should apply to his § 1983 action," the Magistrate Judge found that "the Supreme Court has ruled that 'where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.'" *Quoting Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 582 (1989) (footnote omitted). Accordingly, the Magistrate Judge found, "For §1983 actions, the forum state's general personal injury statute of limitations applies." *Citing Perez v. Physician Assistant Bd.*, 765 F. App'x 960 (5th Cir. 2019) (unpublished), *cert. denied*, _ U.S. _, 140 S.Ct. 133 (2019). *See also* La.Civ.Code art. 3492.

The Magistrate Judge ultimately recommended that the federal court decline jurisdiction over Mr. Edwards' remaining state law claims, and granted his Motion to Remand his state law claims to the 30th Judicial District Court, Parish of Vernon,

State of Louisiana. On August 2, 2021, the United States District Judge issued an Order remanding the case to state court.

Mr. Edwards had alleged that Officer Lewis perpetrated a "crime of violence," second degree battery and or aggravated battery against him. Therefore, by filing a claim pursuant to La.Civ.Code art. 2315 based on this alleged "crime of violence," he was entitled to the two-year prescriptive period pursuant to La.Civ.Code art. 3493.10.

Defendants filed a Peremptory Exception of Prescription in state court seeking to dismiss Mr. Edwards' claim that he was a victim of a "crime of violence" and was therefore entitled to a two-year prescriptive period pursuant La.Civ.Code art. 3493.10.

The trial court granted Defendants' exception of prescription with oral reasons given from the bench, stating, "Okay. I am going to grant Mr. Keiser's exception of prescription. I believe he's met all the burdens he needs to meet and it's a one year prescription . . . ."

A "Judgment On Exception Of Prescription" was signed by the trial court on October 29, 2021. The trial court found that "Exceptors have met their burden and that the applicable prescriptive period for the claims of Plaintiff is one year, and that all claims are prescribed." The trial court then dismissed all of Mr. Edwards claims against Defendants with prejudice and at his sole cost. Mr. Edwards filed a timely appeal of the trial court's judgment on November 8, 2021, which was granted on November 10, 2021.

**ASSIGNMENT OF ERROR & ISSUE PRESENTED FOR REVIEW**

Mr. Edwards urges the following assignment of error on appeal and has combined it with the Issue Presented for Review: "Whether the trial court erred in

4

granting Jim Lewis and the City of Leesville, defendants'[,] peremptory exception of prescription."

## LAW AND DISCUSSION

### *Standard of Review*

When reviewing peremptory exceptions of prescription on appeal, the appellate standard of review depends on whether evidence was adduced at the trial court. *N. G. v. A. C.*, 19-307 (La.App. 3 Cir. 10/2/19), 281 So.3d 727. If no evidence was submitted, "the judgment is reviewed simply to determine whether the trial court's decision was legally correct." *Id*. at 733 (quoting *Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043). If evidence was introduced, the trial court's factual findings are reviewed under the manifest error/clearly wrong standard of review. *Smith v. Vick Invs., LLC*, 19-622 (La.App. 3 Cir. 6/3/20), 298 So.3d 288, *writ denied*, 20-00830 (La. 10/14/20), 302 So.3d 1114.

In this case, counsel for Mr. Edwards asked that the entire suit record be placed into evidence, which is not reflected in the hearing record. In addition, Mr. Edwards' counsel introduced Exhibits A, B, and D, which consisted of the law relied upon to support his claim of a "crime of violence" as properly brought under the two-year prescriptive period of La.Civ.Code art. 3943.10. The Peremptory Exception of Prescription and all Exhibits attached filed on behalf of Defendants are contained in the record before this court.

We review this case under the *de novo* standard of review because the exception raises a legal question. *In re Benoit*, 17-0802 (La.App. 4 Cir. 4/11/18), 244 So.3d 44, *writ denied*, 18-761 (La. 9/21/18), 252 So.3d 898 (citing *Scott v. Zaheri*, 14-0726 (La.App. 4 Cir. 12/03/04), 157 So.3d 779). "In a case involving no

dispute over material facts, but only the determination of a legal issue, such as the present matter, the *de novo* review standard is applied, under which the district court's legal conclusions are not entitled to deference." *Benoit*, 244 So.3d at 49 (citing *Felix v. Safeway Ins. Co.*, 15-0701 (La.App. 4 Cir. 12/16/15), 183 So.3d 627).

***Excessive Force Cases - Prescription***

In order to circumvent the one-year prescriptive period that applies to state law "civil rights" excessive force claims pursuant to La.Civ.Code art. 3492, Mr. Edwards alleged that his claims constituted a "crime of violence" and were therefore subject to the two-year prescriptive period pursuant to La.Civ.Code art. 3493.10:

> Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2,[4] are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.

In order for Article 3493.10 to apply, the petition must sufficiently allege an act, which in this case is second degree battery, defined as a "crime of violence," in La.R.S. 14:2:

> (B) In this Code, "crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence":
>
> . . . .
>
> (6) Second degree battery.

The alleged actions of Officer Lewis's use of a taser were undertaken while Mr.

---

[4] Louisiana Civil Code Article 3496.2 has a prescriptive period of three years and involves sexual exploitation, which is not applicable to this case.

Edwards was in police custody after an arrest and was undergoing the booking process in the Leesville City Jail, when he began choking himself with his shoelaces. Louisiana Code of Criminal Procedure Article 220 applies to an arrest and *detention* by a *police officer* and provides, "A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable *force to effect the arrest and detention*, and also to overcome any resistance or threatened resistance of the person being arrested or *detained*." (Emphasis added.)

It is undisputed that under Louisiana law, excessive force may transform ordinarily protective use of force into an actionable battery, rendering the officer and his employer liable for damages. *See Penn v. St. Tammany Par. Sheriff's Office*, 02-0893 (La.App. 1 Cir. 4/2/03), 843 So.2d 1157. Nonetheless, as urged by Defendants, it does not necessarily follow that claims of excessive force equate to the commission of a "crime of violence" so as to invoke the two-year prescriptive period found in La.Civ.Code art. 3493.10.

Defendants argue that Mr. Edwards alleges in his petition that Officer Lewis committed second degree battery on his person. Further, Mr. Edwards alleges that Officer Lewis "has not been arrested for second degree battery, despite his alleged actions[,]" yet the record does not contain a criminal complaint made against Officer Lewis, nor does it contain a bill of information or indictment.

As alleged in Mr. Edwards' petition, the police officers were well acquainted with Mr. Edwards' "severe mental infirmities." Defendants allege that between the incident at issue on February 2, 2019 and the filing of Mr. Edwards' petition on February 1, 2021, he had at least one additional arrest for drug and weapons charges. Defendants further argued in their memorandum in support of the exception of prescription that "[t]he [c]ourt can take notice (based on the allegations) that the

officers were faced with an untenable situation. Had they stood idly by and let Edwards choke himself to death [with his shoestrings] they and the City would have surely faced a claim for inadequate care. Because they intervened, they face an excessive force lawsuit."

In support of their position that a one-year prescriptive period applies, Defendants cite the case of *Savoy v. St. Landry Parish Council*, No. 08-CV-232, 2009 WL 4571851 (W.D. La. 12/1/09), wherein the trial court determined that the two-year statute of limitations in La.Civ.Code art. 3493.10 was inapplicable to "excessive force claims" alleging "crimes of violence" in that case. In *Savoy*, the City of Eunice and the Chief of Police were sued for both federal and state law claims in a suit originally filed in federal court. In *Savoy*, the federal court concluded that the one-year statute of limitations applied to all claims in the complaint, both state and federal. The trial court was fully aware that the state law claims had been made pursuant to La.Civ.Code arts. 2315, 2315.1 and 2315.2. The trial court concluded that, "Excessive force" is not synonymous or interchangeable with a "crime of violence," and held that the two-year prescriptive period of La.Civ.Code art. 3493.10 did not apply. The court dismissed all of plaintiff's claims, both state and federal, with prejudice as prescribed.

Counsel for Mr. Edwards argues that the cases from federal court should not be considered. However, it is undisputed that the federal cases claiming excessive force pursuant to 42 U.S.C. § 1983 are evaluated using the *Graham* factors. *See Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989). Excessive force claims under Louisiana state law are evaluated using the *Kyle* factors. *See Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977).

8

The United States Fifth Circuit in the case of *Deville v. Marcantel*, 567 F.3d. 156, 172 (5th Cir. 2009), *cert. denied*, 559 U.S. 1048, 130 S.Ct. 2343 (2010) found that "Louisiana's excessive force tort mirrors its federal counterpart." The court in *Deville*, further stated, "These considerations are sufficiently similar to the *Graham* factors that our decision on this claim mirrors our decision of plaintiff's § 1983 excessive force claim[.]" *Id.* at 173.

Additionally, Defendants argue that a two-year prescriptive period for "excessive force" claims has also been rejected in *Vallery v. City of Baton Rouge*, 11-1611 (La.App. 1 Cir. 5/3/12) (unpublished opinion),[5] *writ denied*, 12-1263 (La. 9/28/12), 98 So.3d 837. In *Vallery*, a plaintiff filed suit on May 26, 2009, for injuries he allegedly received in an altercation with a police officer in December of 2007. The plaintiff claimed that baton strikes from the police officer resulted in a broken arm. He further claimed that he had also been sprayed with mace at the time of his arrest.

The trial court in *Vallery* sustained the exception of prescription, finding that the suit had been filed more than one year after the alleged incident. The plaintiff appealed, urging that he had been the victim of a "crime of violence," and that the trial court had erred by not applying the two-year prescriptive period in La.Civ.Code art. 3493.10. The court of appeal, albeit in an unpublished opinion, affirmed the district court's ruling granting the peremptory exception of prescription dismissing the plaintiff's claims as prescribed pursuant to the one-year prescriptive period in La.Civ.Code art. 3492. *Id.*

---

[5] 2012 WL 2877599.

At the close of his argument in this case, counsel for Defendants argued to the trial court, and in his brief to this court, that, "[N]o Louisiana Supreme Court and no Louisiana Court of Appeal case has ever applied a two year [']crime of violence['] prescriptive period to a suit involving an excessive force claim against a police officer or involving injuries allegedly sustained at the hands of law enforcement." Counsel for Mr. Edwards, however, argued at the hearing that there were:

> [M]any, many, many, cases across the State of Louisiana that have had judgments wherein it's been held that even though the perpetrator was a police officer that there was a crime of violence and the two year prescriptive period was held good and I can produce some of those for you, Judge.

The trial court responded:

> So, my question is do you have any case law? Because I've got case law from Mr. Keiser supporting his position and then also[,] he stated on the record that no such case law exists where this statute has been applied in this way. So, do you have any case law that supports your position?

Counsel for Mr. Edwards responded, "Judge, if you give me 24 hours I can get you some specific cases with judges up here - - I mean, with judgments up here on these specific cases."

The trial court then ruled from the bench in favor of Defendants and stated: "Okay, I am going to grant Mr. Keiser's exception of prescription. I believe he's met all the burdens he needs to meet and it's a one year prescription . . . ."

The hearing on Defendants' exception of prescription was held on October 14, 2021 and the trial court's judgment was issued on October 29, 2021. Counsel for Mr. Edwards did not file a motion for a new trial in order to present the court with any of the promised case law. Likewise, counsel for Mr. Edwards also did not cite any case law supporting the proposition that a two-year prescriptive period was applicable to the facts of this case.

**CONCLUSION**

For the foregoing reasons, we affirm the October 29, 2021 judgment of the trial court in its entirety, thereby granting Defendants, Officer Jim Lewis and City of Leesville's, peremptory exception of prescription based on Anthony Jo Edwards' failure to file his claim within the applicable one-year prescriptive period pursuant to La.Civ.Code art. 3492. All costs of this appeal are assessed to Plaintiff Anthony Jo Edwards.

**AFFIRMED**.